IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM C. THOMSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-226-D |
| ) | |
| CORY ARMFIELD and CITY OF ) | |
| NEW CORDELL, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 8] under Fed. R. Civ. P. 12(b)(6). Plaintiff, who appears *pro se*, has made no response, even though he was granted additional time and given notice of LCvR7.1(g). Under the circumstances, the Court finds in the exercise of its discretion under LCvR7.1(g) that Defendants' Motion should be deemed confessed. Further, for the reasons fully stated in the Motion, the Court finds that the Complaint fails to state plausible claim and should be dismissed.

Plaintiff brings claims against Cory Armfield in his individual capacity and the City of New Cordell under 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment. Plaintiff alleges that Defendant Armfield, a city police officer, unreasonably impounded his pickup truck for lack of insurance and that the City's procedures violate the Fourth Amendment. *See* Compl. [Doc. No. 1] at 5 (ECF page numbering). Defendants assert that the Complaint fails to allege sufficient facts to establish a Fourth Amendment violation or to support municipal liability and that Officer Armfield is entitled to qualified immunity.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. In § 1983 cases involving qualified immunity, "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made." *Robbins v. Oklahoma*, 519 F. 3d 1242, 1249 (10th Cir. 2008).[1]

Accepting the factual allegations of the Complaint, Plaintiff was stopped by Officer Armfield on March 2, 2024, while driving his pickup in New Cordell, Oklahoma. Officer Armfield approached the vehicle when Plaintiff stopped at a convenience store, and directed Plaintiff to exit the vehicle and call for a ride because it was being impounded. Office Armfield told Plaintiff that a check of his vehicle license plate showed the vehicle was uninsured. Officer Armfield did not allow Plaintiff to remove personal belongings from the vehicle before it was impounded. Plaintiff alleges that impounding his vehicle for

---

[1] "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 572 U.S. 744, 757 (2014) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011)).

lack of insurance was an unreasonable seizure of his property, and the City's "policy making procedures" violate the Fourth Amendment, "because you can get insurance over the phone anytime day or night in less time then [sic] it takes for them to have your vehicle impounded." *See* Compl. at 5. Plaintiff also states that Officer Armfield "has harassed me and abused his power of authority." *Id*.

The Fourth Amendment protects individuals from unlawful seizures of personal property, including automobiles, but the authority of police officers to impound vehicles that violate public safety laws is well established. *See*, *e.g.*, *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). Plaintiff's allegations do not show an unlawful impoundment of his vehicle because Oklahoma law expressly authorizes a police officer "to cause to be towed any vehicle found upon public roads, highways, streets, turnpikes, [or] private parking lots accessible to the public . . . when: . . . [t]he officer has probable cause that the vehicle is not insured as required by the Compulsory Insurance Law of this state." *See* Okla. Stat. tit. 47, § 955(A)(7); *see id*. § 7-606(A)(1)(a) (same as to vehicle being operated by a person without insurance); *see also State v. Feeken*, 371 P.3d 1124, 1126 (Okla. Crim. App. 2016) (officer lawfully impounded uninsured vehicle under these statutes). Further, because Officer Armfield's conduct was not unconstitutional, the City cannot be held liable for a constitutional violation. *See Harmon v. City of Norman*, 61 F.4th 779, 794 (10th Cir. 2023) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers.") (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). Therefore, the Court finds that the Complaint fails to state a plausible § 1983 claim against Officer Armfield or the City.

For these reasons, the Court finds that the Complaint should be dismissed but that Plaintiff should have an opportunity to amend his pleading. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. No. 8] is **GRANTED**. The Complaint is **DISMISSED** without prejudice to amendment.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to file an amended complaint within 14 days from the date of this Order. If no timely amendment is made, this action will be dismissed with prejudice to refiling.

**IT IS SO ORDERED** this 7th day of May, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge